BYLAWS OF

OPEN TECHNOLOGY FUND

(A District of Columbia Nonprofit Corporation)

**1.0  NAME**

The name of this corporation shall be the OPEN TECHNOLOGY FUND, hereinafter referred to as the "Corporation."

**2.0  CORPORATE PURPOSE**

**2.1  Nonprofit Purpose**

The Corporation is organized and shall operate exclusively for charitable, scientific, literary, or educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (or corresponding provision of any future United States Internal Revenue law).

**2.2  Character of Affairs**

The character of affairs that the Corporation intends to conduct is consistent with the internet freedom objectives of the United States Agency for Global Media (USAGM), to support the worldwide expansion of unrestricted access by the public to information on the internet through the development and use of circumvention and secure communications technologies where such access is otherwise restricted, and to carry out such other activities as deemed necessary to effectuate such affairs.

**2.2.1  Mission and Objectives**

The Corporation shall promote the rights of freedom of opinion and expression, including the freedom to "seek, receive, and impart information and ideas through any media and regardless of frontiers" online in accordance with Article 19 of the Universal Declaration of Human Rights, according to the conviction that open communication of information and ideas among peoples of the world contributes to international peace and stability.  The Corporation shall accordingly support the efforts of USAGM journalists to disseminate, and its audiences to receive, international broadcasting consistent with the standards, principles, and goals of the International Broadcasting Act of 1994, as amended, 22 U.S.C. 6201 et seq. ("Act").

>To achieve these objectives, the Corporation shall provide funding, services, and support in furtherance of efforts by and through USAGM to advance internet freedom globally through the research, development and implementation of technologies that expand unrestricted access to information on the internet; to timely respond to requests from USAGM and its networks and grantees concerning same; and to carry out such other activities as deemed necessary to raise funds for the purposes described above, including solicitation and acceptance of gifts, grants, devises, bequests, and funds as may be donated or otherwise provided to the Corporation by any person, commensurate with the limitations set forth herein.

### 2.3   Compliance

The Corporation, in selecting Directors and Officers under these Bylaws, shall at all times select and provide for the election, resignation or removal of the members of its Board of Directors, and appoint and provide for the resignation or removal of its Officers, pursuant to and in compliance with the provisions of the Act, as it may be amended from time to time.  The Corporation shall timely revise these Bylaws to reflect amendments to those provisions of the Act applicable to the Corporation's affairs.

## 3.0   CORPORATE OFFICES

The principal office of the corporation shall be located in Washington, D.C.  The Corporation may have offices at such other places, both within and outside the District of Columbia, as the Board of Directors may from time to time determine or the business of the Corporation may require.

## 4.0   MEMBERSHIP

As a non-membership corporation, the Corporation shall have no members; and, to the extent necessary or desirable, the Board of Directors shall exercise the rights and powers of members as provided in applicable law.

## 5.0   GOVERNANCE STRUCTURE

The business and affairs of the Corporation shall be managed under the general direction of the Board of Directors, which may exercise all such powers of the Corporation and do all such lawful acts and things as are not prohibited by statute or by the Articles of Incorporation or these Bylaws.  The Directors shall act only as a Board of Directors, or as a committee thereof.

**5.1   Number of Directors**

The number of Directors shall be no fewer than three (3), but may be increased or decreased within the aforesaid limit from time to time, provided that no decrease shall have the effect of shortening the term of any incumbent Director.

The initial Board of Directors shall consist of the persons who are named in the Articles of Incorporation of the Corporation, and said Directors, or their replacements in the event of a vacancy on the Board of Directors, shall hold office until the installation of the Directors elected in accordance with the provisions herein.

**5.2   Election of Directors**

Individuals shall be elected by the Board of Directors for three-year terms upon majority vote of the Board of Directors, or as may be authorized by 22 U.S.C. 6203 et seq. , with notice to and in consultation with the USAGM Advisory Board,  the latter of which shall assess the individual's potential promotion of and impact upon the mission and objectives set forth in Section 2.2.1, as they relate to USAGM and its networks and grantees.  He or she shall hold office until the expiration of his or her term and until his or her successor is elected and qualified, or his or her earlier resignation or removal or or as may be authorized by 22 U.S.C. 6203 et seq.

Any vacancy occurring on the Board of Directors due to removal or resignation may be filled by a majority vote of the remaining Directors.  The Director so elected shall hold office for the remainder of his or her predecessor's term or until his or her successor is elected and qualified or until his or her earlier resignation or removal.

**5.3   Resignation of Directors**

Any Director may resign at any time by delivering written notice to the Board of Directors, the Chair of the Board of Directors, or the Chief Executive Officer.  A resignation is effective when the notice is delivered unless the notice specifies a later date.

**5.4   Committees of the Board of Directors**

The Board of Directors may from time to time designate two (2) or more Directors to serve on such committee or committees, both standing and ad hoc, as deemed necessary and proper.  Such committees shall have the authorities provided in such

3

resolution but shall not exercise the authority of the Board of Directors in the management of the corporation. No committee shall have the power to amend the Articles of Incorporation or the Bylaws of the Corporation.

The Board of Directors shall have the power at any time to (a) designate a member of any committee as the committee's chairperson; (b) fill vacancies on any committee; (c) change the membership of any committee; or (d) discharge a committee.  The resolution creating a committee shall specify whether it is a standing committee, and if not a standing committee, shall specify the time period during which the committee shall exist.  The resolution creating a committee shall also establish the term of office of members of the committee, requirements for meetings of the committee, and shall establish the quorum necessary for it to take action.

### 5.4.1   Audit Committee
The Audit Committee shall be a standing committee of the Board of Directors. It shall be responsible for making recommendations to the Board of Directors regarding the Corporation's integrity, financial credibility, and long-term viability, including the results of audits of the accounts of the Corporation performed in accordance with generally accepted auditing standards by independent certified or licensed public accountants.  In consultation with the Vice President/Treasurer, the chair of the Audit Committee shall convene appropriate meetings.  The Audit Committee shall have the power to adopt rules for the conduct of its business with respect to all matters not provided for in the Bylaws.

## 6.0   MEETINGS OF THE BOARD OF DIRECTORS

### 6.1   Annual Meeting
An annual meeting of the Board of Directors shall be held at the principal office of the Corporation, and at such time or other place as shall be determined by the Board of Directors and designated in the notice of the meeting.  Meetings may be held within or without the District of Columbia.

### 6.2   Regular Meetings
Regular meetings of the Board of Directors shall be conducted on a quarterly basis or on such other basis as determined by the Directors.  Meetings may be held within or

without the District of Columbia.

### 6.3   Agendas

Wherever practicable, agendas for regular meetings shall be prepared and distributed electronically to each Director at least seven (7) days prior to each meeting. The Chief Executive Officer and President shall propose agenda items to the Chair.  Individual Directors may designate agenda items and resolutions.

### 6.4   Notice of Annual and Regular Meetings

Notice of each annual and regular meeting of the Board of Directors stating its date, time, and place shall be provided to each Director personally, or by post, by overnight courier, by telephone, or by electronic mail at the street address, telephone number, or electronic mail address of corporate record.  Such notice shall be provided not less than ten (10) days prior to the date of the meeting and need not specify the business to be transacted at or the purpose of the periodic meeting.  Before or at any meeting of the Directors, any Director may, in writing, waive notice of such meeting and such waiver shall be deemed equivalent to a giving of notice.  Attendance by a Director at an annual or regular meeting of the Board of Directors without objection shall be deemed as a waiver of notice by such Director.

### 6.5   Special Meetings

Special meetings of the Board of Directors may be called by the Chair or by one less than a majority of Directors then serving on the Board of Directors.  With the exception of a special meeting conducted telephonically, as specified herein, such special meetings shall only be called upon no less than forty-eight (48) hours' notice to each Director, which shall specify the date, time, and place of the meeting.  Meetings may be held within or without the District of Columbia.

### 6.6   Emergency Meetings

Upon the occurrence of urgent circumstances and request of the Chair or one less than a majority of  Directors, an emergency meeting may be convened upon twenty-four (24) hours' notice by telephonic or electronic means to each Director, which shall specify the date, time, and place of the meeting. The emergency meeting may be conducted in person, by telephone, or other appropriate means, and may be held within or without the District of Columbia.

**6.7   Telephonic Meetings**

The Board of Directors, or any committee thereof, may conduct meetings telephonically, by means of conferencing equipment or similar systems by which all participants may be heard.  Participation in such a meeting is equivalent to personal presence at such meeting.

**6.8   Action Without Meeting**

Directors may take action without a meeting if all Directors consent thereto in writing, and such consent shall constitute a unanimous vote.  Record of such consent shall be filed by the Secretary with the minutes of proceedings of the Board of Directors in the books and records of the Corporation.

**6.9   Quorum**

At all meetings of the Directors, a majority of the Directors shall constitute a quorum for the transaction of any business, and the acts of a majority of the Directors present at a meeting at which a quorum is present shall be the acts of the Directors except as otherwise specified herein. If at any meeting of the Directors there be less than a quorum present, the majority of those Directors present may adjourn the meeting until a quorum can be present.

**6.10 Minutes**

The minutes and a record of any decisions made at a meeting of the Board of Directors shall be maintained by the Secretary and made available by same to all Directors before the next scheduled meeting of the Board of Directors.

**6.11 Compensation of Directors**

No compensation shall be provided to Directors for services rendered to or as members of the Board of Directors or its committees.

**6.12 Removal of Directors**

Any Director may be removed from office for cause by the vote of two-thirds (2/3) of those Directors present at a meeting of the Board of Directors at which a quorum is present, provided that all Directors, including the Director to be removed are provided

no less than ten (10) days' notice of such meeting.

### 6.13. Standard of Conduct for Directors

Directors when discharging the duties of a Director shall act in good faith, in a manner reasonably believed to be in the best interests of the Corporation.  Directors, when becoming informed in connection with their decision-making function or devoting attention to their oversight function, shall discharge their duties with the care that a person in a like position would reasonably believe appropriate under similar circumstances.  In discharging Board or committee duties, Directors shall disclose information to the Board or a committee that is material to the discharge of the Directors' decision-making or oversight functions; provided, however, that disclosure is not required to the extent that the Director reasonably believes that disclosing would violate a duty imposed by law, a legally enforceable obligation of confidentiality, or a professional ethics rule. Unless a Director has knowledge that makes reliance unwarranted, a Director when discharging the duties of a Director may rely on information, opinions, reports, or statements prepared or presented by officers, employees or volunteers of the Corporation whom the Director reasonably believes to be reliable and competent in the functions performed or the information or opinions provided, legal counsel, public accountants or other persons retained by the Corporation as to matters that the Director reasonably believes to be within the person's professional or expert competence or as to which the person merits confidence, or a committee of the Board of Directors of which the Director is not a member if the Director reasonably believes the committee merits confidence.

## 7.0   OFFICERS

The Officers of the Corporation shall be the Chair of the Board of Directors, Chief Executive Officer ("CEO"), President, Vice President/Treasurer, and General Counsel/Secretary (collectively, the "Officers"), and such other officers as the Board of Directors, or the USAGM Chief Executive Officer in accordance with the Act, may appoint.

In no event shall the positions of President and Treasurer be occupied simultaneously by the same individual.

### 7.1   Election and Term of Office

The Chair shall be elected by majority vote of the Board of Directors at a duly called meeting at which a quorum is present.  The Chair shall serve a term of two (2) years on a calendar year basis, and he or she shall hold office until his or her successor is elected

and qualified or his or her earlier resignation or removal.  In no event shall the position of Chair be filled by the same individual for more than two (2) consecutive terms.

All other Officers shall be elected by majority vote of the Board of Directors at a duly called meeting at which a quorum is present or as may be authorized by 22 U.S. C. 6203 et seq.  Each Officer shall serve a term of three (3) years on a calendar year basis, and he or she shall hold office until his or her successor is elected and qualified or his or her earlier resignation or removal or as may be authorized by 22 U.S.C. 6203 et seq.  There shall be no limitations on consecutive or total terms of office for such Officers.

**7.2   Powers and Duties**

The respective Officers shall have the powers and duties usually vested in such officers, including without limitation the following, and those that may be vested in them by the Board of Directors from time to time.

### 7.2.1   Chair of the Board of Directors

The Chair shall preside over all meetings of the Board of Directors; shall serve as a members of all standing committees of the Board of Directors; shall annually evaluate, in consultation with the Board, the performance of the CEO and shall exercise any other powers and discharge any other duties as vested in the Chair by the Board of Directors.

### 7.2.2   Chief Executive Officer

The CEO shall be responsible for implementing and sustaining medium- and long-term initiatives related to fundraising, grantmaking, external relations, partnerships, Corporate development, recruitment for the Board of Directors, and retention of subject matter experts to augment the work of such standing and ad hoc committees of the Board of Directors as may be established; shall serve as the primary liaison between the Board of Directors and the President, pursuant to the translation of qualitative plans and projects into actionable and quantitative executables; shall serve as the Corporation's resource for maintaining cross-organizational cohesion and inclusiveness; shall provide suggestions for consideration of the Board of Directors nominees for the positions of Officers of the Corporation as well as succession planning; shall be responsible for Corporate strategy in conjunction with the President; and, subject to the limitations in this article, have exclusive authority over all hiring

8

and employment decisions by the Corporation after taking into consideration any recommendations by the President ; and shall serve as a member of the USAGM International Coordinating Committee (or such successor coordinating committee that consists of representatives of Radio Free Asia, RFE/ RL, Incorporated, the Office of Cuba Broadcasting, the Voice of America, and USAGM).

### 7.2.3   President

The President shall exercise active and general management of the day-to-day affairs of the Corporation and ensuring the implementation of all resolutions and orders of the Board of Directors; shall be responsible for the recruitment, training and retention of staff and make recommendations for employment actions to the CEO; shall be responsible for developing corporate strategy and executing action plans in collaboration with the CEO; shall timely inform, either directly or through the CEO, as appropriate, the Board of Directors of such matters of significance to the Corporation that occur during the general management of its day-to-day affairs; shall seasonably inform the Board of Directors of the state and operations of the Corporation.

### 7.2.4   Vice President/Treasurer

The Vice President/Treasurer shall, in the absence or disability or pursuant to the removal or resignation of the President, exercise the powers and discharge the duties of the President as set forth herein, subject to the same limitations incumbent thereupon; shall serve as the Treasurer of the Corporation, overseeing and administering all financial affairs of the Corporation, including the administration and maintenance of all financial records and books of account and the means by which such books and records are kept and reported; shall prepare and recommend an annual budget of the Corporation for the consideration of and adoption by the Board of Directors; shall seasonably submit to the Board of Directors, or upon request of same, reports on the financial affairs and state of the Corporation; shall provide for the timely completion of all such audits as may be required by law or generally accepted accounting practices; and shall timely inform, either directly or through the Chair, as appropriate, the Board of Directors of such matters of significance to the Corporation that arise with respect to the discharge of the foregoing duties.

### 7.2.5 General Counsel/Secretary

The General Counsel/Secretary shall serve as chief legal officer for the Corporation; shall provide advice and counsel on such matters concerning the Corporation as may be referred to the General Counsel/Secretary by Directors, Officers, or the collective Board of Directors or its committees; shall attend each meeting of the Board of Directors and take the minutes thereof, maintaining the official record of same; shall issue the official notice of meetings of the Board of Directors as set forth herein; and shall timely inform, either directly or through the Chair, as appropriate, the Board of Directors of such matters of significance to the Corporation that arise with respect to the discharge of the foregoing duties, including matters of legal risk and regulatory compliance.

## 7.3  Compensation of Officers

The Board of Directors shall establish the annual rate of compensation for the CEO, which shall be paid from the Corporation's operating funds.  No other Officer shall be compensated for their service as an Officer of the Corporation, save reimbursement for reasonable costs and expenses incurred on behalf of the Corporation pursuant to the limitations set forth herein, provided, however, that such other Officers may be compensated for services rendered to the Corporation in their capacities as employees of the Corporation.

## 7.4  Resignation of Officers

Any Officer may resign at any time by delivering written notice to the Board of Directors, the Chair of the Board of Directors, or the Chief Executive Officer.  A resignation is effective when the notice is delivered unless the notice specifies a later date.  Acceptance by the Board of Directors of such resignation shall not be necessary to make it effective.

## 7.5.  Standard of Conduct for Officers

Each officer of the Corporation shall discharge his or her duties in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner the officer reasonably believes to be in the best interests of the Corporation.  Each officer shall inform his or her superior officer to whom the officer reports or the Board of Directors or a committee thereof of any information about the affairs of the Corporation known to the officer and within the scope of the officer's functions, and known to the officer to be material to the superior

officer, Board or committee thereof.  Each officer shall inform his or her superior officer, or another appropriate person within the Corporation, or the Board or a committee thereof, of any actual or probable material violation of law involving the Corporation, and any material breach of duty to the Corporation by an officer, employee, or agent of the Corporation that the officer believes has occurred or is likely to occur.  When discharging his or her duties an officer who does not have knowledge that makes reliance unwarranted may rely on information, opinions, reports, or statements prepared or presented by officers or employees of the Corporation whom the officer reasonably believes to be reliable and competent in the functions performed or the information or opinions provided, or legal counsel, public accountants or other persons retained by the Corporation as to matters that the officer reasonably believes to be within the person's professional or expert competence or as to which the person merits confidence.

**8.0   FINANCIAL ADMINISTRATION AND FUNDRAISING**

### 8.1   Purpose of the Financial Assistance

The Corporation shall have the power to make grants, contracts, cooperative agreements, contributions and to render other financial assistance for the purposes expressed in Section 2.0 of the Bylaws and in accordance with available financial resources as determined by the Vice President/Treasurer.

### 8.2   Accounting Required

The Board of Directors shall require that all grantees furnish a periodic accounting of sufficient detail and particularity to show that such funds were expended for the purposes that were approved by the Corporation.  Pursuant to the Corporation's receipt of grants or funds under the Act, the Corporation shall at all times comply with the following requirements set forth by USAGM:

1. The activities of the Corporation as set forth in Section 2.2.1, and any Grant Agreement with USAGM, will be in compliance with USAGM grant administration and under the oversight of the USAGM Director of Internet Freedom.
2. The Corporation shall furnish USAGM a quarterly accounting of all grant funds to ensure that such funds were expended appropriately and in support of the Agency's mission to "inform, engage, and connect people around the world in support of freedom and democracy."

3. The Corporation shall, upon request and at any time, furnish USAGM with an audit of any Corporate program expenditure.
4. The Corporation shall at all times administer its funds in full compliance with and adherence to the terms of any grant agreement between the Corporation and USAGM, pursuant to full cooperation between same.
5. The Corporation shall designate a liaison between the Corporation and USAGM, by and through the USAGM Director of Internet Freedom, who shall make regular recommendations to the Board of Directors regarding the ways in which the Corporation can support the efforts of USAGM journalists to disseminate, and its audiences to receive, international broadcasting consistent with the standards, principles, and goals of the Act.

### 8.3   Restrictions on Contributions

The Corporation retains complete control and discretion over the use of all contributions it receives. Contributions received by the Corporation from the solicitations for specific grants shall be regarded as for the use of Corporation and not for the organizations from which the funds were solicited. The Corporation refuses to accept contributions earmarked exclusively for allocation to one or more foreign organizations.

### 8.4   Restrictions on Fundraising

The Corporation shall not engage in any fundraising activities whatsoever unless such activities have been expressly approved in writing in advance by the Board of Directors.

### 8.5   Records of Fundraising

The Corporation shall, upon request, make available such records, documentation, and books of account concerning its fundraising activities to the USAGM Director of Internet Freedom for his or her inspection.  The Corporation shall furnish an accounting of its fundraising activities to the USAGM Director of Internet Freedom on a quarterly basis.

### 9.0   CONFLICTS OF INTEREST TRANSACTIONS

In addition to any other policies as to conflict of interest transactions that the Corporation may, from time to time, adopt, the Corporation shall, at a minimum, adhere to the following procedures with respect to conflict of interest transactions:  A contract or transaction between the Corporation and one or more of its Directors, or officers or between the

Corporation and any other entity in which one or more of its Directors, or officers are Directors or officers, hold a similar position, or have a financial interest, shall not be void or voidable solely for that reason, or solely because the Director, member of a designated body, or officer is present at or participates in the meeting of the Board of Directors that authorizes the contract or transaction, or solely because his or their votes are counted for that purpose, if (1) the material facts as to the relationship or interest and as to the contract or transaction are disclosed or are known to the Board of Directors and the Board in good faith authorizes the contract or transaction by the affirmative votes of a majority of the disinterested directors even though the disinterested directors are less than a quorum; or (2) the contract or transaction is fair as to the Corporation as of the time it is authorized, approved, or ratified by the Board of Directors.  For purpose of this Article 9.0, common or interested directors may be counted in determining the presence of a quorum at a meeting of the Board that authorizes a contract or transaction specified in this Article.

Notwithstanding the foregoing, the appointment of a Federal official as Director or Officer by the USAGM Chief Executive Officer shall not be deemed a conflict of interest, provided that such appointment and service to the Corporation are authorized under the Act and related provisions of law.

**10.0 MAINTENANCE OF TAX-EXEMPT STATUS**
The Corporation has been formed as a nonprofit corporation under District of Columbia law for charitable, scientific, literary, or educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (or corresponding provision of any future United States Internal Revenue law).

It shall be the duty of each Director and Officer to maintain the tax-exempt status of the Corporation pursuant to the provisions of Section 501(c)(3) of the Internal Revenue Code of 1986 (or corresponding provision of any future United States Internal Revenue law) and its regulations (as they now exist or as they may hereafter be amended).  A willful violation of this duty shall constitute a wrongful act or conduct subjecting the participating Director or Officer to removal procedures as set forth in these Bylaws.

**11.0 AMENDMENTS**
An amendment to the Articles of Incorporation or these Bylaws may be adopted only after Directors have been given ten (10) days' notice of the content of the proposed amendment by post, overnight courier, or electronic mail at the street address or electronic mail address of

corporate record.  The proposed amendment shall be adopted and implemented upon a two-thirds (2/3) affirmative vote of the Board of Directors [then in office/ at duly called meeting at which a quorum is present] or by unanimous consent.

**12.0 INDEMNIFICATION, LIABILITY LIMITATION AND INSURANCE**

**12.1 Indemnification**

Unless expressly prohibited by law, to the fullest extent permitted by law the Corporation shall fully indemnify any person made, or threatened to be made, a party to an action, suit or proceeding (whether civil, criminal, administrative or investigative) by reason of the fact that such person, or such person's testator or intestate, is or was a director, officer, employee or agent of the Corporation or serves or served any other enterprise at the request of the Corporation, against all expenses (including attorneys' fees), judgments, fines and amounts paid or to be paid in settlement incurred in connection with such action, suit or proceeding.

**12.2 Limitation of Liability for Volunteers and Employees**

Provided the corporation maintains liability insurance with a limit of coverage of not less than $200,000 per individual claim and $500,000 per total claims that arise from the same occurrence, officers, directors and other persons who perform services for the Corporation and who do not receive compensation other than reimbursement of expenses for those services ("volunteers") shall be immune from civil liability; except that the foregoing insurance requirements shall not be required if the Corporation is exempt from federal income taxes under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, and the Corporation has annual total functional expenses (exclusive of grants and allocations) of less than $100,000. Additionally, persons regularly employed to perform a service for a salary or wage ("employees") shall not be held personally liable in damages for any action or omission in providing services or performing duties on behalf of the corporation in an amount greater than the amount of total compensation (other than reimbursement of expenses) received during the twelve (12) months immediately preceding the act or omission for which liability was imposed.  Regardless of the amount of liability insurance maintained, this limitation of liability for officers, directors, volunteers and employees shall not apply when the injury or damage was a result of such person's willful misconduct, crime (unless the officer, director, volunteer or employee had reasonable cause to believe that the act was lawful), transaction that resulted in an improper personal benefit of money,

property or service to the officer, director, volunteer or employee, or act or omission that was not in good faith and was beyond the scope of authority of the Corporation pursuant to this applicable law or the corporate charter.  This limitation of liability shall not apply to any licensed professional employee operating in his or her professional capacity.  The Corporation is liable only to the extent of the applicable limits of insurance coverage it maintains.

### 12.3 Insurance

Notwithstanding any other provision in these Bylaws, including this Article 12.0, the Corporation shall purchase insurance on behalf of any individual who is or was a director or officer of the Corporation, or who, while a director or officer of the Corporation, serves or served at the Corporation's request as director, officer, partner, employee, or agent of another entity (including, but not limited to an employee benefit plan), against liability asserted against or incurred by the individual in that capacity or arising from the individual's status as a director or officer, whether or not the Corporation would otherwise have power to indemnify or advance expenses to the individual against the same liability under the District of Columbia Nonprofit Corporation Act of 2010 Act, as amended**.**

## 13.0 MISCELLANEOUS PROVISIONS

### 13.1 Fiscal Year

The fiscal year of the Corporation shall begin on the first day of October of every year, except that the first fiscal year of the Corporation shall begin as of the date of incorporation.  The fiscal year provided for herein shall be subject to change by act of the Directors, should corporate practice subsequently dictate.

### 13.2 Execution of Instruments

All checks or demands for money and notes of the Corporation shall be signed by such Officer or Officers or such other person or persons as the Board of Directors may from time to time designate.

### 13.3 Corporate Seal

The Corporation may have a corporate seal of such design as the Board of Directors may prescribe.  The General Counsel/Secretary shall have custody of the corporate seal and the authority to affix it to all instruments so requiring.

**13.4. Director, Officer and Employee Representations.**

No Director, officer or employee of the Corporation (or any entity in which such person is in a position of authority such as an owner, officer or chief executive) is authorized to speak or take action on behalf of the Corporation without the prior specific authorization of the Chair of the Board of Directors (or his/her designee) or the CEO or President (or his/her/their designee).  In addition, no such person(s) or entities are authorized to use the name or logo of the Corporation in conducting any non-Corporation business in any manner that suggests or reasonably may be interpreted to imply the approval by the Corporation without the prior specific authorization of the Chair of the Board of Directors (or his/her designee).

**13.5. Loans.**

The Corporation shall not lend money to or guarantee the obligations of a Director or officer.

**14.0 CONTEST OF VALIDITY OF CORPORATE ACTIONS [OPTIONAL]**

In the event that any of the members of the Board of Directors, officers, or any other party or parties that are permitted by applicable law to be subject to this provision, seeks to contest or otherwise challenge the validity of any action taken by the Corporation or the Board of Directors, then to the fullest extent permitted by applicable law, such challenge shall be resolved as permitted by and in accordance with Section 20-401.22(c) of the District of Columbia  Nonprofit Corporation Act of 2010, as amended, as follows:  Such contest or other challenge of the validity of an action taken by the Corporation or the Board of Directors shall be submitted for final disposition to the Board of Directors who shall resolve such challenge by a majority vote of all of the then-existing members of the Board of Directors; and such disposition by the Board of Directors shall be final to the fullest extent permitted by applicable law.