# Exhibit A

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
### CORPORATIONS DIVISION



## CERTIFICATE

**THIS IS TO CERTIFY** that the attached is a true and correct copy of the documents for this entity as shown by the records of this office.

Open Technology Fund

**IN TESTIMONY WHEREOF** I have hereunto set my hand and caused the seal of this office to be affixed as of 9/20/2019 12:07 PM

Business and Professional Licensing Administration

PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Muriel Bowser
Mayor

Tracking #: 1TIUn28e

Initial File #: N00006393100

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
CORPORATIONS DIVISION



## CERTIFICATE

**THIS IS TO CERTIFY** that all applicable provisions of the District of Columbia Business Organizations Code have been complied with and accordingly, this *CERTIFICATE OF INCORPORATION* is hereby issued to:

Open Technology Fund

**Effective Date:** 9/20/2019

**IN WITNESS WHEREOF** I have hereunto set my hand and caused the seal of this office to be affixed as of 9/20/2019 12:06 PM

Business and Professional Licensing Administration

PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Muriel Bowser
Mayor

Tracking #: bOXhACqK

ARTICLES OF INCORPORATION
OF
OPEN TECHNOLOGY FUND

DCRA Corp. Div.

SEP 2 0 2019

File Copy

To:   D.C. Department of Consumer and Regulatory Affairs
Corporations Division
Washington, D.C.

We, the undersigned natural persons of the age of eighteen years or more, acting as incorporators of a non-profit corporation, adopt the following Articles of Incorporation for such corporation pursuant to the District of Columbia Non-Profit Act of 2010, as amended.

### ARTICLE I

The name of the Corporation is Open Technology Fund (hereinafter called the "Corporation").

### ARTICLE II

The period of duration of the Corporation is perpetual.

### ARTICLE III

The purpose for which the Corporation is organized is to operate exclusively for charitable, educational, scientific and literary purposes, within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (or corresponding provisions of any subsequent federal tax laws); and within such limits to have as it purposes, to (1) further the internet freedom objectives of the United States Agency for Global Media ("USAGM") so as to expand unrestricted access to information available to the public on the internet, and (2) support the development and use of circumvention and secure communications technologies on a worldwide basis where the same is restricted in order to advance the internet freedom objectives of USGAM, and (3) lessen the burdens of government by furthering the internet freedom objectives of USGAM; and consistent with the above, to exercise all powers available to corporations organized pursuant to the District of Columbia Non-Profit Act of 2010, as amended.

### ARTICLE IV

The Corporation shall have no members.

### ARTICLE V

The affairs of the Corporation shall be managed by its Board of Directors. The number of directors (not less than three) and the manner of electing directors shall be fixed in the Bylaws of the Corporation.

1

## ARTICLE VI

Except as provided in these Articles, the internal affairs of the Corporation shall be regulated and determined as provided in the Bylaws.

## ARTICLE VII

In all events and under all circumstances, and notwithstanding merger, consolidation, reorganization, termination, dissolution, or winding up of this Corporation, voluntary or involuntary, or by the operation of law, or upon amendment of the Articles of Incorporation of the Corporation:

(a) The Corporation shall not have or exercise any power or authority either expressly, by interpretation, or by operation of law, nor shall it directly or indirectly engage in any activity that would prevent it from qualifying (and continuing to qualify) as a corporation described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (or corresponding provisions of any subsequent federal tax laws).

(b) No part of the assets or net earnings of the Corporation shall inure to the benefit of or be distributable to its incorporators, directors, officers or other private persons having a personal or private interest in the Corporation, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services actually rendered and to make reimbursement in reasonable amounts for expenses actually incurred in carrying out the purposes set forth in ARTICLE III hereof.

(c) No substantial part of the activities of the Corporation shall consist of the carrying out of propaganda, or of otherwise attempting to influence legislation unless Section 510(h) of the Internal Revenue Code of 1986, as amended (or corresponding provisions of any subsequent federal tax laws), shall apply to the Corporation, in which case the Corporation shall not normally make lobbying or grass roots expenditures in excess of the amounts therein specified. The Corporation shall not in any manner or to any extent participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office; nor shall it engage in any "prohibited transaction" as defined in Section 503(b) of the Internal Revenue Code of 1986 (or corresponding provisions of any subsequent federal tax laws).

(d) Neither the whole, or any part of or portion, of the assets or net earnings of the Corporation shall be used, nor shall the Corporation ever be operated, for objects or purposes other than those set forth in ARTICLE III hereof.

(e) In the event that the Corporation is a private foundation within the meaning of Section 509 of the Internal Revenue Code of 1986, as amended (or corresponding provisions of any subsequent federal tax laws):

2

(1) The Corporation shall distribute its income for each taxable year at such time and in such manner as not to subject it to the tax on undistributed income imposed by Section 4942 of the Internal Revenue Code of 1986, as amended (or any corresponding provisions of any subsequent federal tax laws).

(2) The Corporation shall not engage in any act of self-dealing as defined in Section 4941(d) of the Internal Revenue Code of 1986, as amended (or any corresponding provisions of any subsequent federal tax laws).

(3) The Corporation shall not retain any excess business holdings as defined in Section 4943(c) of the Internal Revenue Code of 1986, as amended (or any corresponding provisions of any subsequent federal tax laws).

(4) The Corporation shall not make any investments in such a manner as to subject it to tax under Section 4944 of the Internal Revenue Code of 1986, as amended (or any corresponding provisions of any subsequent federal tax laws).

(5) The Corporation shall not make any taxable expenditure that would subject it to tax under Section 4945(d) of the Internal Revenue Code of 1986, as amended (or any corresponding provisions of any subsequent federal tax laws).

(f) Upon dissolution of the Corporation, all of its assets and property of every nature and description remaining after payment of all liabilities and obligations of the Corporation (but not including assets held by the Corporation upon condition requiring return, transfer, or conveyance, which condition occurs by reason of the dissolution) shall be paid over and transferred to one or more organizations which engages in activities substantially similar to those of the Corporation and which are then qualified for exemption from federal income taxes as organizations described in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (or any corresponding provisions of any subsequent federal tax laws).

## ARTICLE VIII

To the fullest extent permitted by law, no director shall be liable to the Corporation for monetary damages for any action taken, or any failure to take any action, as a director, provided that this provision shall not eliminate or limit the liability of a director (a) to the extent of a financial benefit received by the director to which the director was not entitled, (b) for an intentional infliction of harm, (c) for an intentional violation of criminal law, or (d) for voting for or assenting to an unlawful distribution made by the Corporation. To the fullest extent permitted by law, any repeal or modification of this ARTICLE VIII shall be prospective only and shall not adversely affect any right or protection of, or any limitation of the liability of, a director of the Corporation existing at, or arising out of facts or incidents occurring prior to, the effective date of such repeal or modification.

## ARTICLE IX

The address, including street and number of the Corporation's initial registered office in the District of Columbia is 2025 M Street N.W., Washington, D.C. 20036. The name of the Corporation's initial registered agent at such address is Libby Liu.

## ARTICLE X

The number of Directors constituting the initial Board of Directors is [three (3)] and the names and addresses, including street and number, of the persons who are to serve as the initial directors until the first annual meeting or until their successors be elected and qualified are:

| NAME | ADDRESS |
| --- | --- |
| Dr. Leon Aron. | 2025 M Street N.W., Washington, D.C. 20036 |
| Ambassador Ryan Crocker | 2025 M Street N.W., Washington, D.C. 20036 |
| Mr. Michael Kempner | 2025 M Street N.W., Washington, D.C. 20036 |
| Ambassador Karen Kornbluh | 2025 M Street N.W., Washington, D.C. 20036 |
| Mr. Ben Scott | 2025 M Street N.W., Washington, D.C. 20036 |
| Mr. Kenneth Weinstein | 2025 M Street N.W., Washington, D.C. 20036 |

## ARTICLE XI

The names and addresses, including street number, of the incorporators of the Corporation are:

| NAME | ADDRESS |
| --- | --- |
| Libby Liu | 2025 M Street, N.W. Washington, D.C. 20036 |

4

IN WITNESS WHEREOF, the undersigned has set her hand and seal this 20th day of September 2019.

_____
Libby Liu, Incorporator

5