IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPEN TECHNOLOGY FUND, et al.

*Plaintiffs*,

v.

MICHAEL PACK, in his official capacity          Case No. 1:20-cv-1710
as Chief Executive Officer and Director of the
U.S. Agency for Global Media,

*Defendant*.

## DECLARATION OF LIBBY LIU IN SUPPORT OF MOTION FOR RECONSIDERATION AND INJUNCTION PENDING APPEAL

I, Libby Liu, declare as follows:

1.       I am the Founder of the Open Technology Fund (OTF). I offer this declaration in support of the plaintiffs' motion for reconsideration of the denial of a temporary restraining order and preliminary injunction and, in the alternative, for an injunction pending appeal.

2.       I understand that the Court's opinion relies on the following sentence in the 2019 OTF grant agreement: "The Non-Federal Entity's articles of incorporation, by-laws or other constitutional documents shall provide that the Board of Directors of the Non-Federal Entity may consist of some or all of the current members of the USAGM established under the International Broadcasting Act and other technical experts, as appropriate." Because the government did not rely on this sentence (or on the grant agreement), the Court lacked the benefit of evidence or argument concerning its meaning.

3.       I was partly responsible for preparing the 2019 agreement.  I can attest that the phrase "current members of the USAGM" was intended to refer to the current members of the USAGM Board of Governors at the time. This intent is apparent from both prior and future

versions of the agency's standard grant agreements. Prior versions referred to "the current members of the BBG established under the International Broadcasting Act," meaning the "Broadcasting Board of Governors," which was the old name of the agency. When the term "BBG" was automatically replaced in these standard documents with the term "USAGM," the result generated potential confusion because USAGM did not literally have any "members"— only its board did. True and correct copies of three grant agreements (from 2015, 2018, 2019) are attached hereto as **Exhibit A**.

4.    This typo was cleared up in the now-operative 2020 grant agreement between OTF and USAGM, which was submitted by the government but which the Court's opinion neither quotes nor discusses. In that agreement, the sentence reads as follows: "The Non-Federal Entity's articles of incorporation, by-laws or other constitutional documents shall provide that the Board of Directors of the Non-Federal Entity *may consist of some or all of the current members of the USAGM Board of Governors* established under the International Broadcasting Act and other technical experts, as appropriate." (emphasis added). ECF No. 16-1 at 19.

5.    Consistent with this provision, Open Technology Fund's articles of incorporation provide that the Board of Directors of Open Technology Fund shall consist of Leon Aron, Ambassador Ryan Crocker, Michael Kempner, Ambassador Karen Kornbluh, Ben Scott, and Kenneth Weinstein. ECF No. 10-2 at 7. With the exception of Ben Scott, all six were "current members of the USAGM Board of Governors" at the time that OTF's articles of incorporation and OTF's corporate bylaws were adopted. Ben Scott is a "technical expert" and was not a member of the USAGM Board of Governors. Later, a representative from the U.S. Department of State joined OTF's Board. Finally, and also consistent with the relevant provision, an additional "technical expert" (William Schneider) was added to the OTF board. The

composition of OTF's corporate board remained unchanged at the time that Michael Pack attempted to oust all of its members.

6.      A comparison between OTF's grant agreements and grant agreements with congressionally-authorized grantees reveals another very important difference. The grant agreements with congressionally-authorized grantees, like those with Radio Free Asia provided in Exhibit A, *mandated* that their boards exactly mirror the BBG or USAGM boards, without any additional members. Those agreements state that the grantees board "*shall consist* of the current members of the Broadcasting Board of Governors under the International Broadcasting Act *and no other members*." The OTF grant agreement, in obvious contrast, states only that OTF's board "*may consist*" of "*some or all*" of the agency's board members, and leaves it up OTF to decide for itself. This is a critical and intentional difference, reflective of OTF's independent status.

6.      No outside person or organization—not Congress, not anyone in the Executive Branch—required that we include any particular people on the board of directors of our independent organization. Each member of OTF's corporate board agreed to serve in his or her personal capacity, pursuant to his or her fiduciary duty of care, and to act in the best interests of the corporation. We decided to add these people to our board because we believed they were supportive of the mission, we were hopeful that we would continue to receive support for our efforts from Congress and USAGM, and, most importantly, because we were hopeful that we would one day get express authorization from Congress that would put Open Technology Fund on the same footing as congressionally-authorized grantees like Radio Free Europe and Radio Free Asia. That reasoning guided our intent in both the bylaws and the articles. It should be apparent from the language of the relevant grant-agreement provision—which refers to "some or all" of the members, and uses the words "may consist" rather than "shall consist"—that USAGM

was not requiring us to name these people to our independent board, let alone somehow giving the CEO sweeping remove-and-replace authority via a grant agreement.

7.      I never understood either the grant agreement or the bylaws to give the CEO of USAGM the power to remove or replace our officers or directors absent congressional authorization of OTF. If we had been asked by USAGM to waive our right to govern ourselves as an independent organization in this manner, we would have declined.

8.      OTF's bylaws were adopted by unanimous consent of OTF's board of directors on or about September 23, 2019. Attached here as **Exhibit B** is a true and correct copy of the adopted OTF bylaws and unanimous consent signed by the chairman of OTF's board, Kenneth Weinstein. Attached here as **Exhibit C** is a true and correct copy of the consents to adopt the bylaws signed by the remaining OTF board members at that time and received on September 23, 2019: Mr. Aron, Mr. Crocker, Ms. Kornbluh, Mr. Kempner, and Mr. Scott.

I declare under penalty of perjury under federal law that the  foregoing declaration is true and correct. Dated this 7th day of July, 2020, and executed in Washington, DC.

*/s/Libby Liu*
Libby Liu